May it please the Court, my name is Neen Nguyen and I'm joined by my co-counsel Evangeline Abreu and Elena Nunez. We represent the appellant, Ms. Olga Barannik, in this case. As a summary, my argument will focus on Ms. Barannik's exhaustion of administrative remedies. My co-counsel will argue us on the immigration judge adverse credibility dividing. Here, contrary to the government assertion in the reply brief, Ms. Barannik, who was pro se before the board, had indeed exhausted her administrative remedies. She did so in two ways. One, the board was on notice of Ms. Barannik's challenges to the immigration judge adverse credibility finding. And two, Ms. Barannik puts the board on notice with the information in her letter brief and offering the board an opportunity to correct the immigration judge errors. First, the board is on notice of Ms. Barannik's claim as evidenced by the BIA decision itself on page 2, paragraph 3 of the administrative record. The board noted that Ms. Barannik did not meaningfully challenge the immigration judge adverse credibility finding. But then the board went on in the next paragraph stating that in view of the unchallenged adverse credibility finding, we concluded that the respondent has not shown that she's eligible for asylum. Unchallenged is not the same standard as not meaningfully challenged, Your Honor. Clearly, the board recognized that Ms. Barannik made some challenges to the immigration judge's finding. And the statement that she did not do so at all was an error made by the board. Furthermore, in this decision, the BIA noted that the reason for the immigration judge's denial of Ms. Barannik's application for asylum and withholding was based on adverse credibility determination. And that was on the immigration judge oral decision as well. So since the board recognized that the adverse credibility finding is the only ground for appeal here, the board was on notice. Moving on to my second argument, Ms. Barannik also put the board on notice as evidenced by the letter brief itself. As a pro se respondent, Ms. Barannik was not required to use the precise legal language of adverse credibility finding or non-credible, but Ms. Barannik did so in her own words. On page 28 of the administrative record, Ms. Barannik stated, and I quote, I was beat up nine to ten times. And on page 144, she notes, I'm personality who need credible. There was no other reason as to why Ms. Barannik brought up these facts, Your Honor, but to challenge the immigration judge's adverse credibility finding. The inconsistency in the number of times she was harmed was one of the principal basis as to why the immigration judge denied her applications. Is that enough to exhaust, meet the exhaustion requirement? Is it enough just to say I'm challenging the adverse credibility determination, or do you have to do more and point out the specifics of it? Your Honor, as a pro se respondent, she was not required to use those precise words, but she did here by stating the facts as to why she indicated that she was harmed nine to ten times. And that should be sufficient to put the board on notice. And the BIA did not even mention this issue once. And is that just for pro se petitioners? Yes, Your Honor, because they're not required to use that precise language that we're used to. And with that, she mentioned the number of times she was harmed, and that took up about almost an entire page of her letter brief. And not once in the BIA decision did the board mention anything about that. And we agree this letter is not a typical appellate brief that we're used to with the legal language that the court and us attorney used to. But Ms. Bernick did so, giving her circumstances as a 67-year-old woman who had no access to legal resources, was 95% blind in one eye, and she did it with the best of her ability on the bunk bed of her detention cell, Your Honor. And as a summary, Ms. Bernick has exhausted the administrative remedies by erasing the issue in her letter brief, by putting the board on notice of these issues, and offering the board an opportunity to correct the immigration judge here. Your Honor, thank you for your time. Now I will turn it over to my co-counsel, who will argue on the merits of the adverse credibility finding. Thank you, Ms. Wood. Good morning, Your Honors, and may it please the court. As my co-counsel stated, my name is Elendrez, and I will be arguing on behalf of the petitioner, Ms. Olga Bernick, the credibility determination found by the immigration judge. Although the immigration judge's opinion states that her findings of adverse credibility are on the totality of the circumstances, the opinion focuses on a majority of trivial issues that under the totality of the circumstances, along with the explanation Ms. Bernick provided during her testimony, would not support an adverse credibility determination. First, the IG's opinion points to a deficiency regarding the total number of times that Ms. Bernick suffered physical harm while attending anti-corruption protests in Ukraine. The IG's opinion does not fully credit Ms. Bernick's explanation regarding the discrepancy of three times, which is nine times. However, Ms. Bernick, during her testimony, attempted to differentiate that out of the nine or ten times that Ms. Bernick suffered physical harm, three or four of those times she suffered severe and lasting physical harm that comprised the most severe cases where she was physically harmed. For example, that resulted in her losing her vision in her left eye and resulted in a shoulder injury that resulted in chronic pain. Additionally, during her testimony, Ms. Bernick sought to clarify until the government pivoted to another area of questioning. Second, the IG's opinion focuses on a trivial issue of the addition of aid in Ms. Bernick's asylum application. Under the precedent of this court, without any evidence that Ms. Bernick sought to add the additional date to enhance her claim, it could amount to no more than a mistake, a regular human failing. The government did not state how Ms. Bernick was seeking to enhance her claim by the addition of that date in her application, and it seems to be no more than a trivial mistake. Third, the IG focuses on Ms. Bernick's omission of two addresses that she briefly visited in Ukraine from her application for asylum. However, during her testimony, Ms. Bernick sought to clarify that omission by stating that in Ukraine, one doesn't actually obtain a residence until they register with the local government. As a result of a cultural difference and misunderstanding, Ms. Bernick did not state those two addresses. However, under the precedent of this court in Kumar v. Gonzalez and in Sai, cultural differences must be taken into consideration under the totality of the circumstances. Therefore, the explanation that Ms. Bernick provided regarding her omission of those two addresses should have been sufficient under the totality of the circumstances. Additionally, the IG stated that Ms. Bernick was not responsive during key points of her testimony. However, under a careful review of the administrative record on pages 676 to 677, Ms. Bernick was asked regarding the total number of protests that she had attended while in Ukraine, which Ms. Bernick began answering, was interrupted by the government, and then had the question re-narrowed, which then Ms. Bernick ultimately answered. There is no indication that Ms. Bernick sought to avoid answering the question or sought to, or flat out refused to answer the question. Rather, it seemed that Ms. Bernick was attempting to provide as much information as possible, which is not indicative of someone being unresponsive. Again, under the precedent of this court and... So if we were reviewing the findings of De Novo, perhaps you have a good case, but we obviously review them in a very deferential standard of review. I mean, shouldn't we defer to the IJ's findings that, you know, that the petitioner wasn't credible, especially given some of the explanations that, you know, I was tired or I didn't get enough sleep to account for the inconsistency? Shouldn't we at least give some deference to the IJ's findings there, especially since the IJ saw the demeanor of the petitioner at the hearing? Thank you, Your Honor. And deference should be given. However, under the totality of the circumstances, an immigration judge is required to both consider the factors that go towards credibility and not credibility, and the IJ's opinion focuses mainly on the trivial inconsistencies and doesn't fully credit Ms. Barney's explanations that she provided during her testimony. So while deference should be given, it must... The IJ is still required to consider both factors that go towards and against, and in her opinion, the IJ mainly only focused and did not credit Ms. Barney's explanations fully. And I believe I'm out of time, Your Honor. I'll give you an extra minute for rebuttal after the government response. Thank you, Your Honor. I think next we have Mr. Conner. Mr. McConner, Your Honor. Yes, thank you. Mr. McConner. From the Department of Justice, on behalf of the Attorney General, William Barr. In this case, the BIA did exactly what it was supposed to do. It carefully parsed Petitioner's BIA filing and determined that she had raised and preserved several procedural challenges to the IJ hearing, and the BIA resolved those on the merits. However, the BIA also determined that Petitioner had not preserved any challenges to the IJ's adverse credibility findings, and that determination was correct. Petitioner's BIA brief raises no arguments, general or otherwise, about those adverse credibility findings, Your Honors. Counsel, Judge Gould, if I could interject. I thought her brief did say she wanted evidence excluded. She did raise an argument to the BIA about documents, Your Honor, if I remember correctly, and the BIA did address that argument on the merits about certain documents being translated. So the BIA found that one to be preserved, Your Honor. What the BIA found not to be preserved were just the credibility determinations. And as I was saying, those determinations by the BIA that those have been waived, excuse me, is correct, because Petitioner's BIA brief raised just an entire factual summary of her case from A to Z. She didn't make any specific arguments or even general arguments about the IJ's findings on adverse credibility. Rather, she just restated all the facts. And just restating the facts is not enough to preserve every argument premised on those facts. Imagine if a party filed just the facts section of a brief but never filed any of the legal arguments section. We wouldn't say that that would preserve every conceivable argument. If it were otherwise, exhaustion would largely be a nullity. Petitioners would file their entire file cabinet in a case, make the BIA sort out every conceivable argument that could be premised on those facts on pain of a mistaken case of waiver. I think it's important to note that at the BIA, one of the very first points in the instructions to appeal, the BIA says, quote, give specific details why you disagree with the immigration judge's decision. And I think it's telling that in this case, petitioner's brief to this court does not, or almost never directly quotes from petitioner's BIA brief to show where she did that. For example, on the question of why petitioner had omitted Kiev. Of course, Kiev was a very important city. Petitioner had lived there for months safely. The IJ found it very unusual that Kiev had been omitted. The IJ made an adverse credibility on that ground. But as far as I can tell, petitioner's BIA brief never even mentions the word Kiev. Similarly, on the question of how many times petitioner had been attacked in Ukraine, another obviously very important issue on the question of past persecution, the IJ found that petitioner's constantly changing figures were not the result of a mistake or medication problems. But again, as far as I can tell, petitioner's BIA brief doesn't mention mistake or medication problems. And even if she did, Your Honors, she didn't make any specific arguments about them. I'm sorry, Your Honor, I can't hear. She appeared pro se without a lawyer. Correct, Your Honor. But should you object to a remand to the board to consider the merits of her argument? We do object in our brief, Your Honor, because we think that BIA correctly found that she hadn't adequately preserved the issues. I realize she is pro se. I'm not saying she needs to cite statutes or case law or anything like that. But rather what she's done is just reiterated the facts of her case. She didn't make specific arguments about the IJ's findings or even general arguments on credibility, Your Honor. And just to clarify an issue that my opposing counsel had mentioned, credibility was not the only potential argument in front of the BIA. The BIA found petitioner had raised several procedural arguments about the IJ hearing. The BIA addressed those on the merits and rejected them. And it might make sense for someone who'd lost on credibility in front of the IJ to kind of change gears, focus on a more procedural argument, as it appears she was doing in her BIA appeal. But even if credibility were the only issue in front of the BIA, then it should be that much easier for a petitioner to quote the direct parts of her BIA brief that preserved all these issues. As I said in her brief to this court, she almost never directly quotes where she preserved these arguments. And so I agree perhaps it's conceivable that plaintiff, excuse me, the petitioner meant to preserve some of these issues. But even for a pro se petitioner, the test is not whether it's conceivable. The test is whether the BIA was on fair notice. And if these claims are considered exhaustive, Your Honor, I would say that it'll just encourage petitioners to file everything they've got in a case. The petitioner here filed, I believe, several hundred pages of documentation and statements. And the end result would be that the BIA would be forced to sort out not just potential arguments that have been preserved, but then rule on every single one of them on pain of mistakenly finding waiver. If you look at the IJPI transcript of oral ruling, there's maybe a few lines on the withholding of removal, maybe a page on the cap claim. And the bulk of it is on adverse credibility. So given, again, this is a pro se petitioner, fair to assume that she was really focusing on the adverse credibility determination in presenting to the BIA. Isn't that at least, you know, if we're being generous to construe it that way since that was really the focus of IJ's ruling? A few responses there, Your Honor. First, I agree perhaps it is conceivable she intended to challenge those issues. But, again, the test isn't conceivability even for a pro se petitioner. But also I think it makes sense that someone who lost on credibility findings before the IJ might change gears and focus instead on procedural issues like document translation or documents being ignored at the IJ hearing. Of course, an IJ's credibility findings are viewed very differentially even by the BIA. And it may just be, in all honesty, the petitioner doesn't have very good explanations for these constantly changing numbers or why she omitted addresses. So I agree that adverse credibility was the primary finding by the IJ. That doesn't necessarily mean that that's what the petitioner would have to challenge at the BIA or even that she did challenge it here, Your Honor. And because the BIA did closely parse her filings here and determined that some issues were preserved and some issues were not, indicating that the BIA wasn't just being lazy here. They did try to go through and determine which issues the petitioner fairly presented. Because of that, the BIA correctly found the credibility findings the petitioner raises to this court were not adequately preserved. As for the points that Mr. Nunez raised about kind of the merits of those credibility findings, as I understand it, I don't think this court could reach those issues at this point. Either the court agrees with the government that those credibility findings were not preserved, in which case the court should dismiss, or the court agrees with the petitioner that they were preserved, in which case it should be sent back to the BIA to address those for the first instance. And so I do think that the IJ's findings here would be supported by substantial evidence. But in all fairness, if the court were to conclude that these issues had been exhausted, I believe the proper remedy would be a remand, as we stated in our brief. And then it's the same for the other issues that the petitioner raised in her brief to this court, the substance of her asylum and cat claims. Those are issues that this court would not be able to reach no matter how it rules on the exhaustion issue at this point. And so unless your honors have specific questions about the substance of those asylum and cat claims, then I won't take up the court's time on those issues. Mr. McConnor, I agree with you that if she's entitled to relief, the relief would be a remand to the BIA rather than having us try to make our own decision about credibility. But I'm trying to understand why the government would object to a remand to the BIA when she has counsel now to articulate her claims more precisely. She did submit pro se papers and given our case law, giving a little slack to pro se litigants, why isn't what she said enough? I understand, your honor, that pro se petitioners do have a much more lenient standard in this regard. But still, the question is whether the pro se petitioner raised an argument. It can be a general argument, it could be a few sentences, it doesn't have to cite statutes or case law, but it still needs to be an argument. And she did raise arguments on other issues and the BIA addressed those on their merits. We would say that just filing a summary of the facts of the case from A to Z does not present an argument per se on any of those facts or credibility findings. And for that reason, your honor, we would say that in fact she did not adequately preserve them at the BIA. Unless the court has any further questions. I have a follow up question on that. Did she say that she wanted her own statements that she gave to the Customs and Border Patrol people to be excluded? I do not recall her making that argument, your honor. You mean in front of the BIA? I don't believe she argued that documents should be excluded. I know in front of the IJ she had argued that there were certain news stories and other documents she wanted to be introduced and the IJ let her do so. In fact, the IJ let the petitioner translate those documents herself and introduce them that way because the petitioner had been unable to obtain any official translation. Okay, thank you, counsel. Thank you. And I see my time has expired, but we ask the court to dismiss the petition. Thank you. Okay, thank you. Well, since I'm giving an extra couple of minutes to the petitioners, if you need another minute or two, you can have it. I appreciate that, your honor. Again, I would just reiterate that because the BIA did carefully parse the petitioner's filings and try to determine which arguments she had made and which she had not, we believe the BIA's determination here is correct and the court should find that the credibility findings by the IJ were not adequately preserved. Thank you, your honor. Okay, thank you, Mr. McConner. Now, we're going to move to rebuttal argument, and we'll start with Ms. Wynn. Thank you, your honors, for the extra accommodation here. Ms. Berenik did not throw her entire file cabinet in this case, your honor. Ms. Berenik focused on the specific facts that went toward the immigration judge adverse credibility. That's the number of times that she was harmed, the cultural differences that led to her omission of the addresses, and the interpretation issues. So I disagree with the government counsel that Ms. Berenik did not raise any question general or specific. She did raise specific facts here, your honor. Moving on to the second issue that the counsel raised is that she changed gear to raise a procedural argument here. There's no procedural arguments here. Every fact that she provided in her letter brief went toward the adverse credibility findings, your honor. The IJ confirmed that in the decision itself on page 93 of the administrative record. There was no procedural issues that were raised, your honor. Again, my very last argument here is that the government counsel stated that this would encourage people to overflow the BIA with their cases, and that's not the case here. This is a very specific case where the petitioner, Ms. Berenik. Counselor, sorry to interject, but you're over your time. You're over the extended time. Thank you, your honor. We're going to have to kind of hold the advocates to a lot of times because we're having so many cases argued today. So I think, therefore, we bring your argument to a close. We'll go on to Mr. Nunez, who also gets a minute. Thank you, your honor. Thank you, your honor, for the extra minute. I just want to quickly respond to one point that Mr. McOtter brought up regarding Ms. Berenik's explanations that she provided. The administrative record does support that Ms. Berenik provided sufficient explanations to questions that were posed regarding that the IJ focused in her adverse credibility findings. And in regards to that, in specifics for the unresponsive charge that Ms. Berenik received, the administrative record doesn't actually support a finding of unresponsiveness. Ms. Berenik provided an explanation regarding the addresses because of the cultural difference. The addition of the date in Ms. Berenik's application for asylum amounts to no more than a mistake because the government has presented no evidence that it was meant to enhance her claim or to hide unfavorable facts. So in light of the assertion that she has not provided full explanations, I respectfully disagree with that point. She did explain. Thank you, your honors. Thank you, Mr. Nunez. So unless one of my colleagues, Judge Lee or Judge Corman, have a question for the petitioners on their rebuttal argument, we will now submit this case. And in doing so, I want to thank Ms. Wynn and Mr. Nunez for volunteering their time on this pro bono matter. And I also want to thank Ms. Gabrielle, who's a supervising attorney for the students. And of course, I thank Mr. McConner for appearing remotely. And all of you have done excellent arguments, and we appreciate it. The case shall now be submitted.
judges: Gould, Korman, Lee